Thank you. The final case scheduled for argument this morning is number 20-3600, McCarthy v. DeJoy. Mr. McCarthy? Good morning, Your Honors. Good morning. May it please the Court that I respectfully request a new trial since my constitutional rights have been violated according to Title I of the American with Disabilities Act of 1990. I have not received equal opportunity under the law. I was never given opportunity to submit all my evidence and call my witnesses for deposition. When I started with the post office, I was working 56 hours a week. I was the person they called, you know, at all times of the night in order to, you know, they'd call me at two o'clock in the morning and I'd make it there at four o'clock in the morning. But then 10 years ago, the union steward came around and said if we didn't vote for if we liked our jobs that we would vote for Obama in 2012. Well, I voted for him, but I did mention that I vote with the Catholic Church and they must have taken it the wrong way and I've been discriminated ever since. When I started with the post office, I had a disability rating of zero percent and I now have a disability rating of veterans disability rating of 70 percent. And the VA, the United States Postal Service psychiatrist has declared me unfit for duty. I've been on administrative leave for since April 30th of 2020 for about a year and a half. According to Judge Sotheby, the post office bears responsibility for the increase of my disability. The United States Postal Service has violated the Rehabilitation Act in which they have previous lost a lawsuit and I have included a copy of that lawsuit with my 1000 pages of investigative reports to the court. I respectfully, if it pleases the court, I respectfully asked for the court to include that as evidence. Mr. McCarthy, can I ask a question? I think you referred to your EEOC finding or claim as being mixed. I wasn't sure what you meant by it being mixed. Could you explain? It's a mixed case and that's included in the 1000 page report that I just, there's a mixed case of about 10 different items from discrimination, gender discrimination, age discrimination, discrimination based on disabilities and so on. I don't have it right in front of me, but that's what they considered a mixed case and mixed cases are shared jurisdiction with the merit board and Judge Heard didn't honor the jurisdiction of the merit board when he made his decision from the bench about, that's on my last page, that Judge Heard said this case sounds more like favoritism and nepotism, which is defined as a practice among those with power or influence of favoring friends or relatives, especially given jobs. In cases of federal employment, nepotism is prohibited by law under 18 of the U.S. Code Section 208-5 United States Code. According to the government website, the United States Postal Service is listed as a federal agency. Okay. Mr. McCarthy, your time has expired. You have one minute of rebuttal. We're going to hear from the government. All right. And we have your papers. Ms. Lesperance. I please support Karen Folster Lesperance and co-counsel Ian Bersak for the government. Good morning. Good morning. I'm happy to entertain any questions that any of the judges may have, but if you have none, the government is content to rest on its briefs in this matter. Well, we'll talk about Mr. McCarthy's failure to file, timely file, the second amended complaint. Why isn't that excusable? He's been pro se in this and his other proceedings. He's been, you know, there are these complicated rules about service of process that are very important for those of us who went to law school. Why shouldn't he be given another chance? Was there any possibility of prejudice to the government from his failure to affect proper service and to possibly fail a renewed complaint? Certainly, Your Honor. The government's position is that there was no prejudice from that determination. A couple of points there. Um, there was a number of attempts and a number of extensions at the time, which Mr. McCarthy was given to properly serve the complaint. There was an improper attempt at service, which was met by a letter from government council explaining that the service was defective, why it was defective and what steps would need to be taken to properly serve. And then, and then there was another extension of time. And then there was a failure to, again, follow that procedure, which had been very clearly laid out for Mr. McCarthy by both government council and by the court in referencing him to the, um, to the pro se handbook. Um, but beyond that, I think that if you look at the district court decision, they say, well, we, well, we may have given him another opportunity. Um, there was no need to in this instance, because any of the complaints, um, the original complaint, the first amendment and the second amended complaint, even taken in their totality, fail to state a claim under 12B6. So the court, the district court seemed to indicate that had it stated a colorable claim, maybe they would have afforded an additional opportunity to properly serve, but that was simply not necessarily necessary in this case, because it would have been futile. And you've argued in your brief that, um, um, Mr. McCarthy should lose this appeal because in his brief on appeal, he has failed to respond substantively, um, to any of the district court's arguments, um, or explanation of a dismissal. Could you expand on that a little? Um, certainly your honor, the, the brief that was submitted by the appellant here, um, raises a few, um, issues in the statement of issues, but then fails to expound upon them fails to cite to the record or to any case law, um, or, uh, probably more critically to tie any of the points that he made in his statement of arguments back to any alleged, um, error by the district courts. Um, there's nothing that Mr. McCarthy points to in the district court decision that he finds was an error of law. Um, nor does he establish an argument in his brief, um, that would support, um, factual allegations in the complaint that actually state a claim under, um, Title VII or the Rehab Act or any of the other statutes upon which he relies. So you, your argument is that he's failed to respond to, um, uh, the substantive arguments. And for that reason, that's contrary to the rules about what a brief needs to look like. And for that reason, um, his appeal fails. Is that right? That is correct, Your Honor. All right. All right. Well, I think we have no other questions from what I can see, um, and we have your papers. Thank you very much. Thank you both. Thank you. Mr. McCarthy has a minute of rebuttal. Mr. McCarthy, would you like to, um, take your minute of rebuttal? Yes, I would, Your Honor. Uh, I'd like to rebut, uh, the fact that, uh, I do suffer. I am a 70% disabled veteran and I do suffer from anxiety and depression. Uh, I find this case rather depressing and whenever I pick it up, it causes me anxiety. My wife has been helping me with my case, but she's on her last, uh, she is, um, she is actually pretty much given up on my case. Whereas I, my anxiety has gotten so bad that I suffer from driving anxiety. And I had to call myself an ambulance in front of the Syracuse mall on my way down to the VA for a foot doctor appointment. And I got bit by a wasp two weeks ago and I had to call myself an ambulance because I had an anxiety attack. I do suffer from anxiety by looking at this case. Uh, so maybe I have been a little, uh, I, I, I did fall behind in, in my paperwork. All right. Mr. McCarthy, thank you for your arguments and I'm, I'm sorry about your, um, your disability and you're not feeling well. Um, we'll take the matter under advisement and we'll issue a decision. Thank you very much. Thank you, Your Honor. Thank you, everybody. That concludes our oral arguments this morning. The clerk will please adjourn court. First, thanks, John. Thank you. I'll transfer you. Thank you. Thank you.